# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LETA JORETTA ERTELL,<br><br>Defendant. | Case No. 1:11-cr-00278-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF Nos. 32, 34, 35, 39, 41) |

On October 28, 2016, Defendant Leta Joretta Ertell ("Defendant") filed a motion to dismiss the petition for violation of probation for lack of jurisdiction.[1] (ECF No. 32.) Plaintiff United States of America ("Plaintiff" or "the Government") filed an opposition on November 14, 2016. (ECF No. 34.) Defendant filed a reply on November 21, 2016. (ECF No. 35.) Defendant's motion was submitted to this Court upon Defendant's consent to proceed before a United States Magistrate Judge, filed on September 22, 2011. (ECF No. 6.)

The matter was heard on December 7, 2016. Erin Snider appeared on behalf of Defendant. Michael Tierney appeared on behalf of the Government. On December 7, 2016, the Court set a supplemental briefing schedule. (ECF No. 38.) On December 9, 2016, Defendant submitted supplemental briefing. (ECF No. 39.) On December 12, 2016, the Court issued an

---

[1] Defendant's motion to dismiss is made pursuant to Federal Rule of Criminal Procedure 12(b), Local Rule 430.1, 18 U.S.C. § 3565(c), and such other statutory and constitutional rules as may be applicable. (ECF No. 32 at 1-2.)

1

1 order amending the order setting the supplemental briefing schedule.  (ECF No. 40.)  On
2 December 12, 2016, Plaintiff filed its supplemental opposition.  (ECF No. 41.)  The matter was
3 deemed submitted upon receipt of Plaintiff's supplemental opposition.  For the reasons set forth
4 below, Defendant's motion is denied.

**I.**

**BACKGROUND**

On August 24, 2011, the Government filed an information charging Defendant with ten counts of unauthorized access to computer (28 U.S.C. § 1030(a)(2)(B)) and three counts of unauthorized inspection of returns or return information (26 U.S.C. § 7213A).

On November 10, 2011, Defendant pled guilty to one count of unauthorized inspection of returns or return information (26 U.S.C. § 7213A), and was sentenced to 1 year unsupervised probation with the conditions that she pay a $300 fine and $25 penalty assessment, complete 50 hours of community service, and obey all laws.[2]  (ECF Nos. 10, 11, 12.)  The Court set a review hearing for May 10, 2012, but took a Rule 43 waiver.  (ECF No. 12 at 3.)

At the May 10, 2012 review hearing, defense counsel appeared on Defendant's behalf pursuant to the Rule 43 waiver.  (ECF No. 13.)  The Government advised the Court that Defendant had not paid her fine.  (Id.)  The Court continued the review hearing to June 14, 2012.  (Id.)  The Court ordered Defendant to be personally present for that hearing since the Defendant had not complied with her conditions of probation.  (ECF No. 13.)

At the June 14, 2012 review hearing, defense counsel stated that she had attempted to reach Defendant by phone and also had a defense investigator go to Defendant's last known address, but had no success in establishing contact with Defendant.  Defendant failed to appear at the June 14, 2012 review hearing.  (ECF No. 14.)  United States Magistrate Judge Gary Austin purported to revoke Defendant's probation and issued a warrant for her arrest.[3]  (Id.)

---

[2] The Court has reviewed the electronic recordings of the November 10, 2011, May 10, 2012, and June 14, 2012 hearings.

[3] The Government concedes in its opposition to the motion to dismiss that there is no evidence that the information provided to the Court was sworn.  The Government also does not dispute that the purported revocation of Defendant's probation on June 14, 2012, took place without written notice of a violation of probation or other

Defendant contacted the Court on or about August 17, 2016, and Defendant was placed on the calendar for September 1, 2016. On September 1, 2016, Defendant appeared before the Court for her initial appearance. (ECF No. 19.) The parties agreed to set the matter over to October 6, 2016, to allow for the filing of a petition. (ECF No. 19.) On October 5, 2016, Probation Officer Mechem filed a sworn petition, which the Court signed, alleging that Defendant failed to prove that she had completed 50 hours of community service and that Defendant had failed to report for a review hearing as ordered on June 14, 2012. (ECF No. 22.)

## II.

## DISCUSSION

Defendant raises several issues in her motion to dismiss.[4] Defendant argues that the Court lacks jurisdiction to now revoke Defendant's probation because it did not issue a warrant or summons on the basis of an allegation of a probation violation prior to the expiration of Defendant's term of probation. Defendant asserts that her term of probation expired on November 9, 2012, and therefore, the Court lacks jurisdiction to now revoke Defendant's probation. It is undisputed that the Court did not issue a warrant or summons on the basis of an allegation of a probation violation prior to November 9, 2012. However, the Government argues that the fugitive tolling doctrine applies to the instant case, and therefore, the Court has jurisdiction to now revoke Defendant's probation. The Government argues that Defendant's term of probation would have expired on November 9, 2012, but Defendant became a fugitive on or before June 14, 2012, and remained a fugitive until September 1, 2016.[5] The Government

---

standards announced in Federal Rule of Criminal Procedure 32.1. The Government states that it does not intend to argue that it constituted a revocation of probation.

[4] Defendant also argues in her motion to dismiss that the Court did not properly revoke her probation on June 14, 2012. As discussed above, the Government states in its opposition to the motion to dismiss that it does not intend to argue that the June 14, 2012 purported revocation of probation actually constituted a revocation of probation. It is undisputed that the Court did not issue a warrant or summons on the basis of an alleged probation violation until more than a year after Defendant began her one year term of probation.

[5] Defendant contacted the Court on August 17, 2016. While an argument could be made that the day that Defendant was returned to the Court's supervision and the day that her probation resumed was August 17, 2016, she did nothing more than call and did not satisfy and fulfill all of the conditions of her probation between August 17 and September 1 to suggest she was in compliance again. At the December 7, 2016 hearing, Defendant's counsel stated that if tolling did apply, tolling would have ended on September 1, 2016, when Defendant made an appearance. The Court finds that in light of the facts of this case, September 1, 2016 is the more plausible date for when tolling

argues that Defendant is not entitled to any credits against her probationary period for any period of time when she was a fugitive.

As of June 14, 2012, the latest day which Defendant allegedly became a fugitive, there were approximately one hundred forty-eight (148) days left on her probationary period.[6] According to the Government's argument, those 148 days did not begin to run again until Defendant was returned to the Court's supervision. Therefore, if the 148 days began to run again on September 1, 2016, Defendant's probation does not expire until approximately January 26, 2017. The Government contends that because Defendant is still serving her term of probation, the Court has jurisdiction to consider the revocation of probation until the expiration of her probation period.

The issue before the Court is whether the fugitive tolling doctrine applies to the instant case. Defendant argues that fugitive tolling does not apply to unsupervised probation, and therefore, could not apply to her sentence. Defendant contends that the fugitive tolling doctrine is no longer a valid doctrine in light of the holding in United States v. Pocklington, 792 F.3d 1036, 1039-41 (9th Cir. 2015). Finally, Defendant argues that even if the fugitive tolling doctrine is still a valid doctrine, she did not assume "fugitive status" warranting tolling her probation.

### A.    Defendant Entered "Fugitive Status"

The Court first addresses whether Defendant entered "fugitive status" between June 14,

---

ended. The Court notes that which day Defendant actually returned to the Court's supervision is inconsequential to this motion, because if Defendant's probation was tolled, the petition for violation of probation was timely. For purposes of this motion, the Court assumes that Defendant did not return to the Court's supervision until she appeared in Court on September 1, 2016.

[6] It is arguable that Defendant allegedly became a fugitive on May 10, 2012, when Defendant failed to appear at the review hearing. Although the Magistrate Judge accepted a Rule 43 waiver at the November 11, 2011 sentencing, the special conditions of unsupervised probation page of the judgment states that "[a] review hearing has been set for the defendant on May 10, 2012 at 10:00 a.m. before the Duty Magistrate Judge. A Rule 43 Waiver will be accepted if the defendant is in compliance." (ECF No. 12 at 3.) As Defendant was not in compliance with the terms and conditions of her probation at the time of the May 10, 2012 review hearing, an argument could be made that Defendant should have personally appeared at the May 10, 2012 review hearing, and that by failing to appear, Defendant became a fugitive for purposes of the fugitive tolling doctrine on May 10, 2012. The Court notes that it is also inconsequential to this motion whether Defendant became a fugitive on May 10, 2012, or June 14, 2012, because if tolling started on either date, then the petition for violation of probation was timely. Therefore, for purposes of this motion, the Court will evaluate whether Defendant became a fugitive no later than June 14, 2012.

1  2012, and September 1, 2016. Defendant argues that she never entered "fugitive status" because
2  she did not violate any condition of probation requiring her to stay in contact with the Court or
3  notify the Court of her whereabouts. Defendant contends that a defendant does not enter
4  "fugitive status" just because a defendant fails to comply with any term of probation, but rather,
5  it must be a term of probation requiring the defendant to stay in contact with the court or notify
6  the court of his or her whereabouts. The Government responds that Defendant became a fugitive
7  when she violated the terms of her probation and placed herself beyond the supervision of the
8  Court. See United States v. Grant, 727 F.3d 928, 930 (9th Cir. 2013) ("A defendant assumes
9  fugitive status when he 'fail[s] to comply with the terms of his supervised release. . . .'")

10  "Fugitive tolling begins when the defendant absconds from supervision . . ." U.S. v.
11  Ignacio Juarez, 601 F.3d 885, 890 (9th Cir. 2010). In Grant, the defendant failed to comply with
12  the terms of her probation when she moved, failed to inform her probation officer of her move
13  within 72 hours, as her probation terms required, and failed to comply with other terms of her
14  probation, such as failing to pay restitution, committing another felony, and failing to timely
15  report her nolo contendere plea to the felony. Grant, 727 F.3d at 932. In U.S. v. Murguia-
16  Oliveros, 421 F.3d 951, 953 (9th Cir. 2005), the Ninth Circuit clarified "what constitutes
17  'fugitive status' for purposes of tolling a term of supervised release." The Ninth Circuit held that
18  a defendant could become a fugitive merely by failing to comply with the terms of his supervised
19  release. Murguia-Oliveros, 421 F.3d at 953. In Murguia-Oliveros, the defendant departed the
20  place he was authorized to be and failed to contact his probation officer as required, and
21  therefore, violated the terms of his supervised release. Id. at 953-54. The defendant was ordered
22  to report by his probation officer, but he did not do so. Id. at 954. Therefore, the court held that
23  the defendant "became a fugitive when he effectively absconded from serving the terms of his
24  supervised release." Id.

25  Although Defendant was not ordered to stay in contact with the Court or notify the Court
26  of her whereabouts, she was ordered to pay her fine according to a payment plan. Defendant
27  failed to comply with the requirements to pay her fine. Defendant also was ordered to complete
28

50 hours of community service.[7]  She then failed to appear at the June 14, 2012 hearing.

At Defendant's November 10, 2011 sentencing, after the United States Magistrate Judge imposed the sentence on Defendant, he set a status hearing six months later.  The Magistrate Judge told Defendant that she must inform her counsel of what payments have been made and submit her community service hours to her so that she could report to the Court at the review hearing.  At the May 10, 2012 hearing, the Government stated that Defendant had not paid anything on her fine.  The Magistrate Judge set another review hearing for June 14, 2012, and ordered that Defendant personally appear at that review hearing. Although Defendant was not ordered at the time of her sentencing to appear on June 14, 2012, the Court set the June 14, 2012 hearing during the May 10, 2012 hearing as a result of Defendant's noncompliance with the terms and conditions of her probation, and therefore, Defendant should have appeared at the June 14, 2012 hearing.

Defendant's counsel was not able to contact Defendant and she did not contact her counsel.  Defendant was out of contact with the Court and her attorney for over four years.  Therefore, the Court finds that Defendant absconded no later than when she failed to appear at the June 14, 2012 hearing.  Accordingly, the Court finds that Defendant was in fugitive status from no later than June 14, 2012, through the date she returned to the Court's supervision.

**B.    Ninth Circuit Cases Support the Application of the Fugitive Tolling Doctrine in Probation Cases**

Defendant argues that the probation statutes foreclose fugitive tolling; that the history of Ninth Circuit's cases applying the fugitive tolling doctrine suggests that it was not intended to apply to probation cases; and that Grant, the only Ninth Circuit published case which has applied fugitive tolling in a probation case is not binding precedent on the general validity of the fugitive tolling doctrine or its applicability in the probation context.  These three arguments can be addressed by looking at the Ninth Circuit's case law regarding the fugitive tolling doctrine in

---

[7] It appears that Defendant did not complete the 50 hours of community service prior to the May 10, 2012 review hearing.  It was not a requirement for Defendant to complete all 50 hours of community service prior to the May 10, 2012 review hearing.  However, Defendant was to report how many hours she had completed to her counsel prior to the review hearing so that her counsel could report that information to the Court and the Court could determine whether Defendant was in compliance with and fulfilling the terms and conditions of her probation.

both probation cases and supervised release cases.

A district court may sentence a defendant to probation pursuant to 18 U.S.C. § 3561. Section 3565(a) of Title 18 of the United States Code provides that the court may revoke the sentence of probation if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation. Congress also codified a provision for delayed revocation of probation in 18 U.S.C. § 3565(c). Under 18 U.S.C. § 3565(c), the Court retains power to revoke probation and impose another sentence after a probationary period ends only if a warrant or summons, based on sworn allegation of violations, is issued before the end of the probationary period. See Pocklington, 792 F.3d at 1039-41.[8]

Defendant argues that Congress created and intended to create only one situation in which a person's probation is tolled when it codified the imprisonment exception in 18 U.S.C. 3564(b) as part of the Sentencing Reform Act of 1984. Section 3564(b) of Title 18 of the United States Code provides in part that "[a] term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days." Defendant is correct that the fugitive tolling doctrine has never been codified by Congress and that Congress did explicitly codify the tolling provision for when a person is imprisoned during a term of probation. See 18 U.S.C. § 3565(b). However, as discussed below, the judicially created fugitive tolling doctrine is still applied by the Ninth Circuit in probation cases and supervised release cases. Further, there does not appear to be anything in the legislative history or in the Act itself to indicate that Congress intended this statutory reference to be the only means to toll the statute nor is there anything abrogating this judicially created tolling provision.

Defendant contends that the Ninth Circuit created the fugitive tolling doctrine in United States v. Crane, 979 F.2d 687 (9th Cir. 1992) for supervised release cases because 18 U.S.C. § 3565(c) does not apply to supervised release cases and there was no comparable statute for

---

[8] The Court notes that in Pocklington, the Ninth Circuit found that "[f]ugitive tolling is inapposite to the facts of Pocklington's case," so the Ninth Circuit did not analyze whether the fugitive tolling doctrine is still valid. Pocklington, 792 F.3d at 1040 n.1. It was merely a typical probation case whereby the Ninth Circuit analyzed whether the court could retroactively revoke probation and impose a criminal sentence after the period of probation expired.

supervised release cases at that time. In Crane, the magistrate judge sentenced the defendant to one year of imprisonment and one year of supervised release. Id. at 688. When the defendant was released from imprisonment on May 2, 1990, he went to a community treatment center to start his one year of supervised release. Id. However, the defendant left without authorization in September 1990. Id.

On September 5, 1990, a petition for revocation of supervised release was filed with the district court and the magistrate judge issued a bench warrant for the defendant's arrest. Crane, 979 F.2d at 688. In December 1990, the defendant was arrested on a charge of petty theft, for which he was sentenced to a term of 270 days imprisonment on January 25, 1991. Id. The defendant was taken into federal custody pursuant to the detainer on May 9, 1991, and admitted the violations of supervised release and was sentenced on May 29, 1991. Id.

The defendant appealed arguing that the district court did not have jurisdiction over him when he appeared for revocation proceedings on May 29, 1991, because his term of supervised release was originally to have expired on May 2, 1991. Crane, 979 F.2d at 691. The Ninth Circuit stated that the defendant's "argument misapprehends the impact of his status as a fugitive from September to December 1990…." Id.  The Ninth Circuit compared the supervised release statute to revocation of regular parole under 18 U.S.C. § 4214 and special parole under 21 U.S.C. § 841(c). Id. at 691. The Ninth Circuit had not required specific language in the statutes to toll the term of regular parole or special parole while the defendant was in fugitive status. Id. at 691. Therefore, the Ninth Circuit held that the district court retained jurisdiction to revoke the defendant's supervised release because the term of supervised release was tolled while the defendant was a fugitive. Id.

While courts recognize the rationale of the fugitive doctrine is to not reward those who flee and maintain fugitive status until the expiration of their original term of supervised release, Defendant argues that if a probationer absconds from probation, the government can ensure that the court retains jurisdiction by seeking a warrant or summons on the basis of a probation violation pursuant to 18 U.S.C. § 3565(c). Therefore, Defendant argues that the fugitive tolling doctrine is not necessary to deter probationers from absconding from probation. However, the

Ninth Circuit has not limited the fugitive tolling doctrine because of a delayed revocation provision.

For supervised release, there is now a statutory provision for delayed revocation, which is similar to the delayed revocation provision for probation. See 18 U.S.C. §§ 3565(c), 3583(i). Section 3583(i) of Title 18, United States Code provides that the district court can revoke a term of supervised release after the period of supervised release has expired only if a warrant based on sworn facts was issued within the supervised release period. Even after 18 U.S.C. § 3583(i) was enacted, the Ninth Circuit applied the fugitive tolling doctrine to supervised release cases. See Murguia-Oliveros, 421 F.3d at 954 (finding, after 18 U.S.C. § 3583(i) was enacted, that the court should not reward those who violate the terms of their supervised release and avoid arrest until after the original term expires); United States v. Ahmadzai, 723 F.3d 1089, 1093 (9th Cir. 2013) (recognizing that fugitive status tolls a period of supervised release); Ignacio Juarez, 601 F.3d at 888-91 (reviewing Ninth Circuit's application of the fugitive tolling doctrine). Therefore, the fact that there is a delayed revocation provision in the statute for supervised release has not foreclosed the Ninth Circuit from applying the fugitive tolling doctrine in supervised release cases.[9] Id.

Defendant cites to United States v. Hernandez-Ferrer, 599 F.3d 63 (1st Cir. 2010). In Hernandez-Ferrer, the First Circuit held that a period of supervised release cannot be tolled when a defendant is a fugitive. Id. at 67. The First Circuit relied upon statutory construction and found that Congress did not intend to toll a period of supervised release for any reason except when an offender is imprisoned for a different crime. Id. at 68. However, as the First Circuit recognized, the Ninth Circuit has found that fugitive status of a defendant tolled the term of supervised release so that the term of supervised release does not expire as scheduled. Id. at 67 (citing United States v. Delamora, 451 F.3d 977, 978 (9th Cir. 2006); Murguia-Oliveros, 421

---

[9] As courts are still applying the fugitive tolling doctrine to supervised release cases even after the delayed revocation statute was enacted for supervised release cases, Defendant's argument in distinguishing probation from supervised release cases because of 18 U.S.C. § 3565(c) fails. Supervised release and probation have similar delayed revocation statutes and the government could file a petition to revoke probation or supervised release prior to the expiration of probation or supervised release. See 18 U.S.C. § 3565(c), 3583(i). Therefore, the fact that the government can file a petition to revoke probation does not distinguish probation cases from the supervised release cases which have applied the fugitive tolling.

F.3d at 952; Crane, 979 F.2d at 691). Since the Ninth Circuit has addressed this issue, this Court does not need to look to the First Circuit.[10]

While Defendant admits that in Grant, 727 F.3d at 930, the Ninth Circuit held that the defendant's term of probation was tolled when she assumed fugitive status, Defendant argues that the defendant in Grant did not challenge the general validity of the fugitive tolling doctrine or whether it is applicable in the probation context. Defendant contends that United States v. Nuno-Garza, 365 F. App'x 806 (9th Cir. 2010) (unpublished), is the only Ninth Circuit authority addressing the viability of the fugitive tolling doctrine in light of 18 U.S.C. §§ 3565(c) and 3583(i). In Nuno-Garza, the Ninth Circuit disagreed with a challenge similar to Defendant's, stating "[a]lthough Nuno-Garza asserts the doctrine of fugitive tolling is invalid as a matter of law, this court has recognized the doctrine's validity on multiple occasions. We are bound by those decisions." Nuno-Garza, 365 F. App'x at 807 (citing Delamora, 451 F.3d at 980-81; Murguia-Oliveros, 421 F.3d at 953-54; Crane, 979 F.2d at 691). In Nuno-Garza, the court found that the district court had jurisdiction to revoke Nuno-Garza's supervised release because statutory tolling combined with fugitive tolling extended the term of supervised release beyond the date that the district court revoked the term of supervised release. See Nuno-Garza, 365 F. App'x at 807; see also Grant, 727 F.3d at 930; United States v. Abraham, 2016 WL 4466001 (E.D. Cal. Aug. 22, 2016); United States v. Fields, 2016 WL 6611550 (E.D. Cal. Nov. 9, 2016). Therefore, this Court is bound by the Ninth Circuit's decisions recognizing the validity of the fugitive tolling doctrine.

**C.    The Fugitive Tolling Doctrine and Pocklington Can Coexist**

Defendant argues that the holding in Pocklington cannot be reconciled with continued application of the fugitive tolling doctrine. Defendant asserts that because the Ninth Circuit found that 18 U.S.C. § 3565(c) is jurisdictional, the fugitive tolling doctrine is an invalid attempt to undermine Congress's express limitation of the court's jurisdiction in probation cases. In

---

[10] The Government cites to United States v. Buchanan, 638 F.3d 448, 455 (4th Cir. 2011), where the Fourth Circuit agreed with the Ninth Circuit that a term of supervised release is tolled when a defendant absconds from supervision. This Court also does not need to rely upon the Fourth Circuit's decision, because there is Ninth Circuit law on this issue.

Pocklington, the defendant's probation expired without probation seeking a warrant or summons. 792 F.3d at 1040-41. The probation office asked the district court to extend probation while the FBI investigated allegations of a probation violation. Id. The Ninth Circuit stated that it has "no authority to create equitable exceptions to jurisdictional requirements." Id. at 1040. In Pocklington, the Ninth Circuit declined to resolve any tension between its prior cases where it applied the fugitive tolling doctrine and the Supreme Court's statements in Bowles v. Russell, 551 U.S. 205, 214 (2007). Pocklington, 792 F.3d at 1040 n.1.

In her supplemental brief, Defendant argues that when a limitations period is jurisdictional, the court cannot modify it, even if there are equitable considerations that would excuse noncompliance. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015); Albillo-De Leon v. Gonzalez, 410 F.3d 1090, 1095 (9th Cir. 2005). In Kawi Fun Wong, the Supreme Court found that equitable tolling is permissible to toll the Federal Tort Claims Act's ("FTCA") statute of limitations because the FTCA's statute of limitations is not a jurisdictional statute. Kwai Fun Wong, 135 S. Ct. at 1631-32.

In Defendant's supplement, she argues that because Pocklington determined that 18 U.S.C. § 3565(c) is jurisdictional, the Court cannot modify the deadline prescribed by 18 U.S.C. § 3565(c). In its supplemental opposition, the government responds that the reasoning applied in Pocklington only applies to "delayed" revocations. The government argues that this case is not a case of a "delayed" revocation. The government argues that courts only look to 18 U.S.C. § 3565(c) after the end of a probation term. The government asserts that the expiration date of probation has to be calculated using all applicable timing adjustment rules, which includes the fugitive tolling doctrine. The government contends that Section 3565(c) would not begin to operate in this case until the end of the probation term, which according to the Court's calculations is approximately January 26, 2017.

In Grant, the Ninth Circuit held that "Grant's fugitive status tolled her Probation Term from July 2010 until she was found and arrested by federal authorities in April 2012." Grant, 727 F.3d at 931. Further, the Ninth Circuit held that "[t]he time added to her Probation Term extended it well beyond its original expiration date. As a result, the Revocation Hearing

occurred during Grant's Probation Term." Id.

In <u>United States v. Schmidt</u>, 99 F.3d 315 (9th Cir. 1996), a defendant serving a three-year period of supervised release challenged revocation proceedings that occurred after the expiration of his original ending date of supervised release. The defendant argued that that the revocation was untimely because the district court did not comply with the delayed revocation provision of the supervised release statute, 18 U.S.C. § 3583(i). <u>Id.</u> at 318. However, the Ninth Circuit held that "the provisions of section 3583(i) apply only when the revocation of supervised release occurs after the term of supervised release has expired." <u>Id.</u> The Ninth Circuit found that tolling while the defendant was imprisoned affected the expiration of the term of supervised release, so that the district court had revoked the defendant's term of supervised release before the term of supervised release was set to expire. <u>Id.</u>

The Ninth Circuit has explained the interplay between the delayed revocation provision for supervised release and the tolling provision for imprisonment on a different crime. <u>See Ahmadzai</u>, 723 F.3d at 1092. The Ninth Circuit held that "the term of supervised release must be understood not as the originally imposed term before tolling, but as the total term after it has been automatically tolled." <u>Id.</u> (internal quotation marks omitted).

Based on the language in Ninth Circuit decisions, the Court finds that with the application of the two-step timing analysis for probation revocation, Defendant's term of probation does not expire until at least January 2017, and only then should the delayed revocation provision, 18 U.S.C. § 3565(c), be consulted. <u>See Grant</u>, 727 F.3d at 931; <u>Schmidt</u>, 99 F.3d at 318. Therefore, the Court does not need to consult 18 U.S.C. § 3565(c), and the fact that Section 3565(c) is jurisdictional does not result in the fugitive tolling doctrine being inapplicable to unsupervised probation. The Court finds that the fugitive tolling doctrine can coexist with Section 3565(c).

The Court finds that Defendant's fugitive status from June 14, 2012, through September 1, 2016, tolled the period of her probation so that the warrant issued by this Court on October 5, 2016, on sworn allegations of probation violations, was timely within the period specified in 18 U.S.C. § 3565(c). Accordingly, the Court retains jurisdiction over the petition for violation of

probation and Defendant with regard to the alleged violations.

## III.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss is DENIED; and
2. A further status conference is set for January 19, 2017, at 10:00 a.m. in Courtroom 9 (SAB) before United States Magistrate Judge Stanley A. Boone.

IT IS SO ORDERED.

Dated: **December 29, 2016**

UNITED STATES MAGISTRATE JUDGE